David N. Lake, State Bar No. 180775
   *david@lakelawpc.com*
**LAW OFFICES OF DAVID N. LAKE,**
  **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 479-9990

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE EGROVICH, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>CCFG COSTEBELLE LA JOLLA, LLC, a California limited liability company; ALAN LEWIS, an individual; CRAIG CECILIO, an individual; DOES 1 through 25, inclusive,<br><br>             Defendants. | CASE NO. 3:21-CV-00774-TWR(MDD)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[DECLARATION OF JOANNE EGROVICH FILED CONCURRENTLY HEREWITH[*<br><br>Date:     October 13, 2021<br>Time:    1:30 p.m.<br>Place:   Courtroom 3A |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 13, 2021 at 1:30 p.m. in Courtroom 3A of the United States District Court in and for the Southern District of California, Plaintiff Joanne Egrovich ("Plaintiff") will and hereby does move pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment as to the second cause of action against defendants Alan Lewis ("Lewis") and Craig Cecilio ("Cecilio") (together, the "Defendant Guarantors") on the grounds that there are no disputed issues of material fact and Plaintiff is entitled to judgment as a matter of law.

The Motion is based on this Notice of Motion and Motion, the supporting memorandum of points and authorities, the accompanying declaration of Joanne Egrovich and the exhibits to the declaration, all pleadings, records and files in this action, and on such evidence that may be presented at or before the time of hearing.

DATED: July 23, 2021                    LAW OFFICES OF DAVID N. LAKE

By: _____
    DAVID N. LAKE
    Attorneys for Plaintiff

## I.    INTRODUCTION

Plaintiff Joanne Egrovich ("Plaintiff" or "Ms. Egrovich") loaned three quarters of a million dollars ($750,000) to defendant CCFG Costebelle La Jolla LLC ("CCFG") in March 2017.  That loan was contemporaneously, personally and unconditionally guaranteed by defendants Alan Lewis ("Lewis") and Craig Cecilio ("Cecilio").  An additional $15,000 became due from CCFG when it requested and obtained an extension of time for the repayment – an extension that turned out to be pointless as no payment was made even with the additional time.

In short, CCFG defaulted on the loan and Lewis and Cecilio have failed to fulfill their obligations as CCFG's unconditional guarantors which has caused Plaintiff damage.  There are no material issues of disputed fact and Plaintiff is entitled to partial summary judgment on her second claim for relief as against both Lewis and Cecilio who have unquestionably failed to honor their contractual obligations to Plaintiff.

## II.    UNDISPUTED FACTUAL BACKGROUND AND EVIDENCE

### A.    **Plaintiff's Loan and Defendants' Personal Guaranty.**

Ms. Egrovich lent money on a short-term basis to an entity known as CCFG for use in connection with its ongoing construction project in La Jolla, California. Declaration of Joanne Egrovich ("JE Decl."), ¶ 2.  The project was a multi-million dollar custom built, ocean view home situated in one of the most desirable communities in all of California, if not the United States of America, with an address of 7930 Costebelle Way, La Jolla, CA 92037 (the "Property").  Id.

Ms. Egrovich, after becoming interested in the project and wanting to look into it more, engaged in discussions with CCFG's principal, defendant Alan Lewis ("Lewis").  JE Decl., ¶ 3. Things progressed and documentation was prepared, revised, finalized and executed.  Id.

Plaintiff's loan is evidenced by a Promissory Note Secured by Deed of Trust dated effective March 1, 2017, which was executed by CCFG on April 11, 2017 in

the amount of $750,000 (the "Note"). JE Decl., ¶ 4, Exhibit A. The original maturity date for the Note was December 31, 2017. The Note called for Plaintiff to be repaid her full principal ($750,000) plus the greater of: (i) thirty percent (30%) interest per annum on the outstanding principal balance or (ii) one hundred fifty thousand dollars ($150,000) on the maturity date of the Note. Id.

Ms. Egrovich's loan was guaranteed pursuant to an Unconditional Guaranty dated effective March 1, 2017 (the "Guaranty") executed by Defendant Lewis as well as defendant Craig Cecilio ("Cecilio") (collectively, the "Defendant Guarantors"). JE Decl., ¶ 5, Exhibit B.

### B. The Extension of Plaintiff's Loan Maturity Date.

It became clear as the maturity date on the Note (December 31, 2017) approached that CCFG would need more time. JE Decl., ¶ 6. Consequently, CCFG, the Defendant Guarantors and Ms. Egrovich entered into an Amendment to Loan Documents and Confirmation of Guaranty dated January 25, 2018 ("Extension Agreement"). Id. The Extension Agreement extended the term of the Note until April 30, 2018, and called for an additional payment of $15,000 to be made to Plaintiff on the earlier of the repayment of the loan or April 30, 2018. JE Decl., Exhibit C. No other changes were made to the Note. The Extension Agreement also expressly confirmed the Guaranty. Id.

CCFG defaulted under Ms. Egrovich's Note when it failed to repay what was due to Egrovich by the extended maturity date of April 30, 2018. JE Decl., ¶ 7. To date, Plaintiff has not been repaid any of her principal loan ($750,000) or the extension fee agreed to be paid under the Extension Agreement. Id.

### III. ARGUMENT

### A. Legal Standard for Partial Summary Judgment.

Summary judgment (including partial summary judgment) is appropriate if the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex

Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Fortune Dynamic, 618 F.3d at 1031 (internal quotation marks and citations omitted); accord Anderson, 477 U.S. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex at 322-23. Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts and the nonmoving party must "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting former Fed. R. Civ. P. 56(e)); accord Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir. 2007).

To carry this burden, the non-moving party "may not rest upon mere allegation or denials of his pleadings." Anderson, 477 U.S. at 256; see also Behrens v. Pelletier, 516 U.S. 299, 309 (1996) ("On summary judgment, ... the plaintiff can no longer rest on the pleadings."). Rather, the nonmoving party "must present affirmative evidence ... from which a jury might return a verdict in his favor." Anderson, 477 U.S. at 256. "Affirmative evidence" in this context means that "[t]he mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." Liberty Lobby, 477 U.S. at 252.

///

### 1. The Obligation is Unpaid and Defendant Guarantors are Liable for it.

A personal guaranty is, legally speaking, like any other contractual obligation.  To prevail on her breach of contract claim, Plaintiff must establish four (4) things: 1) the existence of a contract; 2) her performance under the contract; 3) Defendant Guarantors' breach of the contract; and 4) damage resulting from the breach.  <u>Yi v. Circle K Stores, Inc.</u> (C.D. Cal. 2017) 258 F.Supp.3d 1075, 1082, aff'd (9th Cir. 2019) 747 Fed.Appx. 643.

### a) A Valid Contract Exists Between The Parties.

Whether a contract exists depends on the Plaintiff's ability to demonstrate that there are (1) parties capable of contracting, (2) their consent, (3) a lawful object, and (4) consideration. Cal. Civ. Code § 1550.  The parties, who are all adults and experienced business people (including licensed attorneys and real estate professionals), are capable of contracting and the object of the contract (The lending of money) is certainly legal so neither of these is an issue.

As for the issue of consent, this is not an issue either.  First, the Defendant Guarantors' answer to the complaint does not raise lack of consent as a defense. (Dkt. 9).  Second, there is no question the Defendant Guarantors' ratified the agreement such that any voidable aspects of the contract have been accepted as a result of the ratification – ratification which takes on several forms, including the receipt, acceptance and retention of the $750,000 as well as entering the Extension Agreement and acceptance of the additional time to repay the loan thereunder. Cal. Civil Code § 1588. JE Decl., ¶¶ 6 & 8, Exhibits C & D.  The Extension Agreement even contains specific language whereby the Defendant Guarantors reaffirmed the guaranty: "Guarantors (a) consent to the terms and conditions of this Agreement and (b) *agree that the Guaranty continues to guaranty all obligations owed by Borrower under the Loan Documents as they have been modified by this Agreement*."  JE Decl., Exhibit C, ¶ 5 (emphasis added).

1   Cal. Civ. Code § 1605 defines consideration as: "Any benefit conferred, or
2 agreed to be conferred, upon the promisor, by any other person, to which the
3 promisor is not lawfully entitled, or any prejudice suffered, or agreed to be
4 suffered, by such person, other than such as he is at the time of consent lawfully
5 bound to suffer, as an inducement to the promisor, is a good consideration for a
6 promise."  Under California law a written guarantee carries the presumption of
7 consideration, and the person opposing the guaranty bears the burden of showing a
8 want of consideration. See Cal. Civ. Code §§ 1614, 1615; Challenge-Cook Bros.,
9 Inc. v. Lantz, 256 Cal.App.2d 536, 539 & nn.1–2 (1967).  Should more be
10 required, California courts look to the language of the guaranty itself to determine
11 whether consideration has been given. Beverly Hills Nat'l Bank v. Glynn, 267
12 Cal.App.2d 859, 867 (1968).  Here, both the language of the document and the
13 acts of the parties establish the exchange of good and valuable consideration.

14   In terms of benefits conferred, there is of course the $750,000 which was
15 received, the agreement to repay that sum should CCFG not be willing or able to
16 do so, and then an extension of time to repay that sum beyond the agreed-upon
17 Maturity Date.  Neither Plaintiff nor the Defendant Guarantors were legally bound
18 to loan or repay the money prior to their contract and these changes in legal
19 position also constitute consideration.  The written mutual promises – to lend and
20 to repay – form all the consideration that is or could be needed.  Cal. Civ. Code §§
21 1605, 1606 & 1614.

### b) **Plaintiff Fully Performed Under the Contract and the Defendant Guarantors Have Breached It**.

24   Plaintiff's loan is evidenced by the Note. JE Decl., Exhibit A.  The original
25 maturity date for the Note was December 31, 2017.  The Note called for Plaintiff
26 to be repaid her full principal ($750,000) plus the greater of: (i) thirty percent
27 (30%) interest per annum on the outstanding principal balance or (ii) one hundred
28 fifty thousand dollars ($150,000) on the maturity date of the Note. Id.  The

maturity date on the Note was December 31, 2017.  Id.  CCFG received the full $750,000 from Plaintiff.  JE Decl., ¶ 8, Exhibit D.

As the original maturity date approached, it was clear that CCFG would need more time to pay back the loan.  Consequently, CCFG, the Defendant Guarantors and Ms. Egrovich entered into the Extension Agreement which extended the term of the Note until April 30, 2018 and called for an additional payment of $15,000 to be made to Plaintiff on the earlier of the repayment of the loan or April 30, 2018.  JE Decl., Exhibit C.  No other changes were made to the Note.  Id.

CCFG defaulted under the Note when it failed to repay what was due to Egrovich by the extended maturity date of April 30, 2018.  JE Decl., ¶ 7.  The Defendant Guarantors have not made the payment they were contractually obligated to make either and Plaintiff has not been repaid any of her principal loan ($750,000) or the extension fee.  Id.

### c) **Plaintiff Has Suffered Damage Resulting from Defendant Guarantors' Breach of Contract.**

"Under general contract principles, when one party breaches a contract the other party ordinarily is entitled to damages sufficient to make that party whole, that is, enough to place the non-breaching party in the same position as if the breach had not occurred." Postal Instant Press, Inc. v. Sealy, 43 Cal.App.4th 1704, 1708–09 (1996).  The ascertainment of damages that Plaintiff suffered and the amount of that damage which would make Plaintiff whole are not difficult in this case.  Simply put, she wants and is legally entitled to her money back.

///

Plaintiff seeks *only* to recover the principal amount of the unpaid loan obligation plus the extension fee for a total of $765,000. JE Decl., ¶ 9.[1] CCFG did not pay and has not paid any part of the sums owed to Plaintiff. JE Decl., ¶ 9. The Defendant Guarantors did not pay and have not paid any party of the sums owed to Plaintiff either, and Plaintiff has not received a payment from any other source towards the principal or the extension fee. JE Decl., ¶ 9.[2] Plaintiff did receive a settlement payment in connection with her suit against her former counsel, but the sum she received was to compensate her for lost interest only and no amount of the principal sum loaned to CCFG and guaranteed to be repaid by the Defendant Guarantors was recovered. Id., Exhibit E.

## IV.   CONCLUSION

Based on the foregoing, as well as the supporting declarations and evidence, Plaintiff respectfully requests the Court grant her motion for partial summary judgment.

DATED: July 23, 2021　　　　　　　　　LAW OFFICES OF DAVID N. LAKE

By: _____
　　DAVID N. LAKE
　　Attorneys for Plaintiff

---

[1] Plaintiff is not seeking to recover the interest the Guarantor Defendants agreed to pay her in connection with the loan. She is only seeking recovery of the principal sum, plus the extension fee. JE Decl., ¶ 9.

[2] It is anticipated that defendants will raise the issue of usury in connection with the Note and Guaranty, but any such argument is of no moment because Plaintiff is *not* seeking to recover any interest pursuant to the Note or Guaranty in this action.