David N. Lake, State Bar No. 180775
 david@lakelawpc.com
**LAW OFFICES OF DAVID N. LAKE,**
 **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 479-9990

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE EGROVICH, an individual, | CASE NO. 3:21-CV-00774-TWR(MDD) |
| Plaintiff, | **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AS THE PREVAILING PARTY AND PURSUANT TO CONTRACT** |
| v. | |
| CCFG COSTEBELLE LA JOLLA, LLC, a California limited liability company; ALAN LEWIS, an individual; CRAIG CECILIO, an individual; DOES 1 through 25, inclusive, | [*DECLARATION OF DAVID N. LAKE, ESQ. FILED CONCURRENTLY HEREWITH*] |
| Defendants. | Date:   May 19, 2022<br>Time:   1:30 p.m.<br>Place:   Courtroom 3A |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Joanne Egrovich ("Plaintiff" or "Ms. Egrovich") loaned three quarters of a million dollars ($750,000) to defendant CCFG Costebelle La Jolla LLC ("CCFG") in March 2017.  That loan was contemporaneously, personally and unconditionally guaranteed by defendants Alan Lewis ("Lewis") and Craig Cecilio ("Cecilio") (together, the "Defendant Guarantors").  An additional $15,000 became due from CCFG (and thus ultimately the Defendant Guarantors) when it requested and obtained an extension of time for the repayment, and this too was part of the guaranty given by the Defendant Guarantors.

CCFG defaulted on the loan and Lewis and Cecilio failed to fulfill their obligations as CCFG's unconditional guarantors which caused Plaintiff damage and resulted in this litigation.  On February 14, 2022, this Court granted Plaintiff's Motion for Partial Summary Judgment as to the Second Claim for Relief against the Defendant Guarantors.  (Dkt. 22).  Plaintiff's remaining claims were voluntarily dismissed (without prejudice) on March 10, 2022 (Dkt. 24), thus solidifying Plaintiff as the prevailing party and, as such, her entitlement to attorneys' fees pursuant to the parties' written agreement (i.e., the Unconditional Guaranty dated effective March 1, 2017 (the "Guaranty")). Plaintiff's motion should be granted in its entirety.

## II. ARGUMENT

### A. **Plaintiff's Right To Recover Attorneys' Fees Is Contractual**.

Attorneys' fees are recoverable by the prevailing party in litigation under certain circumstances, one of which is where suit is brought to enforce the terms of a written agreement and that agreement contains an attorneys' fees clause.  This contractual right modifies what is referred to as the "American Rule" that each party bears their own attorneys' fees and, contrary to the rule, authorizes and

permits the recovery of such fees by the prevailing party in litigation related to the contract containing the clause.

"When a party obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims." <u>Scott Co. of California v. Blount, Inc.</u> (1999) 20 Cal.4th 1103, 1109. There is no question that Plaintiff is the prevailing party and achieved an "unqualified victory" by obtaining partial summary judgment of the Second Claim for relief against the Defendant Guarantors.

The Second Claim for relief was for breach of Guaranty, and that Guaranty contains the necessary provisions for Plaintiff to recover her attorneys' fees. The pertinent language is contained in paragraph 20 and reads as follows:

> In the event Lender [Plaintiff] should commence any effort to collect or enforce any of the Indebtedness or this Guaranty, the undersigned will pay, on demand, all of Lender's ACTUAL attorneys' fees, as well as any and all expenses actually incurred by Lender in connection with such effort prior to the commencement of an action on this Guaranty.

Declaration of David N. Lake ("Lake Decl."), Exhibit B, paragraph 20 (capitalization in original). The "undersigned" refers to the Defendant Guarantors who in fact executed the Guaranty. As such, and according to this language, Plaintiff is entitled to recover her attorneys' fees.

**B. Plaintiff Is The Prevailing Party.**

The loan to CCFG was evidenced by a Promissory Note Secured by Deed of Trust dated effective March 1, 2017, which was executed by CCFG on April 11, 2017, in the amount of $750,000 (the "Note"). Lake Decl., ¶ 3, Exhibit A. The

1  original maturity date for the Note was December 31, 2017.  The Note called for
2  Plaintiff to be repaid her full principal ($750,000) plus the greater of: (i) thirty
3  percent (30%) interest per annum on the outstanding principal balance or (ii) one
4  hundred fifty thousand dollars ($150,000) on the maturity date of the Note.  Id.

5  Ms. Egrovich's loan was guaranteed pursuant to an Unconditional Guaranty
6  dated effective March 1, 2017 (the "Guaranty") and that Guaranty was executed
7  by Defendants Alan Lewis ("Lewis") and defendant Craig Cecilio ("Cecilio")
8  (collectively, the "Defendant Guarantors").  Lake Decl., ¶ 4, Exhibit B.

9  The Defendant Guarantors and Ms. Egrovich entered into an Amendment to
10 Loan Documents and Confirmation of Guaranty dated January 25, 2018
11 ("Extension Agreement").  Id. at ¶ 5, Exhibit C.  The Extension Agreement
12 extended the term of the Note until April 30, 2018 and called for an additional
13 payment of $15,000 to be made to Plaintiff on the earlier of the repayment of the
14 loan or April 30, 2018.  Lake Decl., Exhibit C.  No other changes were made to the
15 Note.  The Extension Agreement also expressly confirmed the Guaranty, including
16 the attorneys' fees clause in paragraph 20.  Id.[1]

17 On February 14, 2022, this Court granted Plaintiff's Motion for Partial
18 Summary Judgment as to the Second Claim for Relief against the Defendant
19 Guarantors.  (Dkt. 22).  Plaintiff's remaining claims were voluntarily dismissed
20 (without prejudice) on March 10, 2022 (Dkt. 24), at which point the Defendant
21 ///

---

[1] The underlying facts concerning the loan documents are undisputed as confirmed by the Joint Statement of Undisputed Material Facts filed in this matter as Dkt. 16-21.

MEMO OF POINTS & AUTHORITIES ISO MOTION FOR ATTORNEYS' FEES
4

Guarantors had judgment entered against them. Plaintiff is unquestionably the prevailing party and is entitled to recover her attorneys' fees.[2]

### C. **Plaintiff's Attorneys' Fees Are Reasonable And Should Be Awarded In Full**.

Reasonable attorneys' fees are allowable costs when authorized by contract, statute, or law. Cal. Code Civ. P. §§ 1032 and 1033.5(a)(10)(A), (B), and (c); Santisas v. Goodin (1988) 17 Cal.4th 599, 606; Pacific Custom Pools, Inc. v. Turner Construction Co. (2000) 79 Cal.App.4th 1254, 1268). In this regard, California Civil Code § 1717(a), states in pertinent part: "In any action on a contract, where the contract specifically provides that attorney fees and costs, which are incurred to enforce that contract, ***shall*** be awarded to one of the parties or to the prevailing party ..." (emphasis added). As California's highest court has held, the statute's use of the term "shall" makes a fee award mandatory. Common Cause v. Board of Supervisors (1989) 49 Cal.3d 432, 443. Moreover, California law requires that attorneys' fee awards be "fully compensatory." Ketchum v. Moses (2001) 24 Cal.4th 1122, 1133. Thus, generally speaking, a party entitled to attorneys' fees should recover compensation for "all the hours reasonably spent, including those relating solely to the fee." Id.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." Roth v. Plikaytis (2017) 15 Cal.App.5th 283, 290, citing PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1095. "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the

---

[2] Plaintiff's motion is timely. A motion for attorneys' fees must be filed and served no later than 14 days after entry of judgment. FRCP 54(d)(2)(B)(i); Kyle v. Campbell Soup Co. (9th Cir. 1994) 28 F.3d 928, 929-93.

fee at the fair market value for the legal services provided. [Citation.] Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary." PCLM at 1095.  The fees to be awarded also include the fees incurred preparing this motion, and all related aspects (e.g., review of opposition, preparation of reply, appearance and argument).  Rosen v. LegacyQuest (2014) 225 Cal.App.4th 375, 384 ("It is well established that a fee award properly includes the reasonable fees incurred in seeking the fees.")

"[T]he 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' " Serrano v. Priest (1977) 20 Cal.3d 25, 49.  Expert testimony is not needed when making this determination and the Court considers "a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1096. A declaration of counsel is *prima facie* evidence that the time was necessary and the rates reasonable. Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1375; Bernardi v. County of Monterey (2008) 167 Cal.App.4th 1379, 1398.

Plaintiff's counsel was admitted to the California Bar in 1995 and is a seasoned and experienced litigator.  Lake Decl., ¶ 7.  Plaintiff's counsel brought that experience and skill set to bear on this matter which was handled efficiently and brought to a fairly swift conclusion via the granting of partial summary judgment.  Mr. Lake's hourly rate for this matter ($400) is reasonable given his wealth of experience.  Indeed, fifteen years ago courts recognized that rates of $500 per hour and higher are reasonable. Maughan v. Google (2006) 143

Cal.App.4th 1242, 1249; Nichols v. City of Taft (2007) 155 Cal.App.4th 1233, 1237.[3]

The Guaranty requires the Defendant Guarantors to pay "all of [Plaintiff's] ACTUAL attorneys' fees, as well as any and all expenses actually incurred by Lender in connection with such effort prior to the commencement of an action on this Guaranty." Lake Decl., Exhibit B (capitalization in original). Plaintiff began to incur attorneys' fees in connection with this action in February 2021, and the total fees incurred by Plaintiff through February 2022 is $33,160.00. Lake Decl., Exhibits D & F. Plaintiff has incurred additional fees during March 2022 (work in progress (WIP)) which will be billed to Plaintiff at the end of month, and Plaintiff will be billed for additional time spent by counsel in connection with this motion which as of this filing totals $4,280 and is anticipated to increase by another $2,000 for work following this filing. Lake Decl., ¶¶ 9-10, Exhibits D & F.

Plaintiff should be awarded the entire amount sought by this motion. All of the work done by counsel was in connection with the bringing and pursuit of this action and, more specifically, the enforcement of the terms of the Guaranty which contains the attorneys' fees clause. This work included the initial *ex parte* application for a pre-judgment writ of attachment which was based on the Defendant Guarantor's obligations under the Guaranty (which also included research into the various other legal actions brought against them), the noticed motion for a pre-judgment writ of attachment which was also based on the Defendant Guarantor's obligations under the Guaranty, and the Motion for Partial Summary Judgment of the Second Claim for Relief (the Defendant Guarantor's breach of their obligations under the Guaranty). Lake Decl., ¶ 6, Exhibit D. There

---

[3] In 2016, Judge Kronstadt of the Central District approved Mr. Lake's hourly rate at $575 as part of a class action settlement. Lake Decl., Exhibit E, page 23.

was no duplication of effort because only one attorney, David Lake, Esq., handled the matter and only one attorney, David Lake, Esq., billed for time spent on the matter. Lake Decl., ¶¶ 2 & 6, Exhibit D.

### III.   CONCLUSION

Based on the foregoing, as well as the supporting declarations and evidence, Plaintiff respectfully requests the Court grant her motion and award her $39,440, the full amount of attorneys' fees incurred and requested.

DATED: March 16, 2022            LAW OFFICES OF DAVID N. LAKE

                                 By: _____
                                     DAVID N. LAKE
                                     Attorneys for Plaintiff